```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
CAESAR GONZALEZ,

                        Plaintiff,
                                                MEMORANDUM AND ORDER
            -against-                           08-CV-1134 (JS)(ARL)

APRIL LUFKIN, a/k/a LOPEZ, COUNTY OF
NASSAU, NASSAU COUNTY DEPARTMENT
OF SOCIAL SERVICES,

                        Defendants.
----------------------------------------X
APPEARANCES:
For Plaintiff:          Caesar Gonzalez, Pro Se
                        4981 Valley Lake Road
                        Austell, Georgia 30106

For Defendants:
April Lufkin            April Lufkin, Pro Se
                        555 Woodland Drive
                        South Hempstead, NY 11550

Nassau County           Lorna B. Goodman, Esq.
                        Office of the Nassau County Attorney
                        One West Street
                        Mineola, New York 11501
```

SEYBERT, District Judge:

Plaintiff, Caesar Gonzalez ("Plaintiff"), commenced this 42 U.S.C. § 1983 action on March 19, 2008 against April Lufkin a/k/a Lopez ("Lopez"), the State of New York, Nassau County, and Nassau County Department of Social Services ("Defendants") alleging, inter alia, conspiracy, interference with his parental rights, infliction of emotional distress, and defamation. On March 31, 2009, this Court dismissed Plaintiff's claims against the State of New York with prejudice and dismissed Plaintiff's remaining claims with leave to file an Amended Complaint. Pending before the Court is Defendant

Nassau County's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

## BACKGROUND

The following facts are set forth in the Amended Complaint.

Plaintiff has two adult children with Defendant Lopez. According to Plaintiff, the Nassau County Department of Social Services, in conjunction with Defendant Lopez, prevented Plaintiff from interacting with his children. Lopez allegedly "defeated, impaired, impeded, or prejudiced the rights or remedies of Plaintiff by alienating him from . . . [his] children". (Am. Comp. ¶ 8.) In April of 1992, a court order granted Plaintiff joint custody and visitation rights. (Id. ¶ 9.) However, in March of 1993, Lopez informed Plaintiff that she had been advised by Social Services and the Nassau County Family Court to prohibit the children from visiting with Plaintiff. (Id. ¶ 11.) Plaintiff maintains that he repeatedly attempted to contact his children and was finally successful in reaching them via e-mail seven years later. Lopez allegedly discovered that Plaintiff had contacted the children, and again informed Plaintiff that she had court orders barring Plaintiff from contacting the children. In January of 2008, Plaintiff discovered that, contrary to Lopez's representations, there were no court orders prohibiting Plaintiff from contacting his children.

Plaintiff maintains that the Nassau County Department of Social Services ("DSS") facilitated Plaintiff's alienation from his

2

children. Plaintiff states that DSS made no efforts to contact Plaintiff regarding the health and welfare of his children and failed to inquire as to whether Plaintiff had visited his children. Numerous complaints were allegedly filed with DSS regarding Lopez's alleged neglect of Plaintiff's children; however, DSS purportedly failed to inform Plaintiff of the reports and complaints. Furthermore, Plaintiff contends that DSS wrongfully continued to bill Plaintiff for child support after Plaintiff was no longer able to see his children.

## DISCUSSION

### I. Standard on Motion to Dismiss

In deciding motions to dismiss brought under Fed. R. Civ. P. 12(b)(6), the Court applies a "plausibility standard," which is guided by "[t]wo working principles," Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). First, although the Court must accept all of a complaint's allegations as true, this "tenet" is "inapplicable to legal conclusions"; thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Harris, 572 F.3d at 72 (quoting Ashcroft). Second, only complaints that state a "plausible claim for relief" survive a motion to dismiss, and determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."

3

Id.

In deciding a 12(b)(6) motion, the Court is confined to "the allegations contained within the four corners of the complaint." Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 71 (2d Cir. 1998.) Additionally, the Court may examine "any written instrument attached to [the complaint] or any statements or documents incorporated in it by reference" as well as any document on which the complaint relies heavily. Chambers v. Time Warner, Inc., 282 F.3d 147, 152-153 (2d Cir. 2002). "Of course, it may also consider matter of which judicial notice may be taken under Fed. R. Evid. 201." Kramer v. Time Warner, Inc., 837 F.2d 767,773 (2d Cir. 1991).

A district court, in applying this standard, must "accept all of plaintiff's factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." Desiderio v. Nat'l., 191 F.3d 198, 202 (2d Cir. 1999); H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 249, 109 S. Ct. 2893, 2906, 106 L. Ed. 2d 195 (1989). Furthermore, "the need to draw all inferences in the plaintiff's favor has heightened application when the plaintiff is proceeding pro se." McInerney v. Rensselaer Polytechnic Inst., 505 F.3d 135, 138 (2d Cir. 2007) (citing Bertin v. United States, 478 F.3d 489, 491 (2d. Cir. 2007)).

II. Plaintiff's Amended Complaint Fails to State a Section 1983 Cause of Action

  A. Claims Against the Department of Social Services

At the outset, the Court notes that the Nassau County

4

Department of Social Services is a subdivision of the municipality and does not have any separate legal existence or the capacity to be sued. "[M]unicipal departments like the Department of Social Services are not amenable to suit, . . . and no claims lie directly against the Department." Hoisington v. County of Sullivan, 55 F. Supp. 2d 212, 214 (S.D.N.Y. 1999) (internal citations omitted). Plaintiff's claims are more appropriately brought against the Defendant County of Nassau. According, Plaintiff's claims against the Nassau County Department of Social Services are DISMISSED with prejudice.

B. Section 1983 Claims Against Defendant County of Nassau

Nassau County argues that Plaintiff fails to state a claim under Section 1983. The Court agrees. To state a claim under Section 1983, "a plaintiff must allege that: (1) the challenged conduct was attributable at least in part to a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999) (citing Dwares v. New York, 985 F.2d 94, 98 (2d Cir. 1993) (overruled on other grounds). For a § 1983 conspiracy claim, "a plaintiff must show: (1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Pangburn v. Culbertson, 200 F.3d 65, 72

5

(2d Cir. 1999).

The Court finds that Plaintiff has failed to state a Section 1983 claim against Nassau County. It is true that "the interest of a parent in the custody of his or her children [is] 'a fundamental, constitutionally protected liberty interest.'" Kia P. v. McIntyre, 235 F.3d 749, 758 (2d Cir. 2000) (quoting Gottlieb v. County of Orange, 84 F.3d 511, 518 (2d Cir. 1996). However, here, Plaintiff has failed to show that Nassau County abridged Plaintiff's due process rights. The crux of Plaintiff's Complaint is that Defendant Lopez falsely told Plaintiff that there were court orders prohibiting Plaintiff's contact with his children. Plaintiff admits that he later learned that there were, in fact, no such court orders. Thus, taking Plaintiff's claims as true, there are absolutely no allegations indicating that Nassau County unlawfully interfered with Plaintiff's ability to visit with and care for his children. In fact, Plaintiff has not alleged any unconstitutional actions by Nassau County; rather, Plaintiff's entire Amended Complaint is premised on Defendant Lopez's allegedly deceitful conduct. Plaintiff's Amended Complaint is also devoid of any facts indicating that Nassau County acted in concert with Defendant Lopez to deprive Plaintiff of his constitutional rights.

Nor has Plaintiff shown that Nassau County denied Plaintiff equal protection of the laws. "The Fourteenth Amendment guarantee of equal protection is 'a right to be free from invidious discrimination

in statutory classifications and other governmental activity.'" Bernheim v. Litt, 79 F.3d 318, 323 (2d Cir. 1996) (quoting Harris v. McRae, 448 U.S. 297, 322, 100 S. Ct. 2671, 65 L. Ed. 2d 784 (1980). The right to equal protection "is violated when the state distinguishes between individuals based on unreasonable, arbitrary, or capricious differences that are irrelevant to a legitimate government objective." Id. (internal quotations and citations omitted). Although Plaintiff alleges that Nassau County "engaged in selective enforcement of the law and court rulings," Am. Comp. ¶ 3, the Court finds that Plaintiff's allegations are conclusory. Plaintiff has not alleged any facts indicating that Plaintiff was treated differently from others.

The Court additionally finds that Plaintiff's claims regarding Nassau County's knowledge of the children's allegedly improper and abusive upbringing are conclusory. To the extent that Plaintiff claims that DSS failed to investigate reports and complaints regarding Lopez's conduct, "[i]t is well established that an allegation of mere negligence is generally insufficient to sustain a § 1983 claim." Camacho v. City of N.Y. Office of Child Support, No. 05-CV-2002, 2006 U.S. Dist. LEXIS 65626, at *4 (S.D.N.Y. Sept. 14, 2006). Rather, Plaintiff must show that members of DSS acted with "'deliberate indifference'" -- i.e., that the actor had actual knowledge of impending harm which he consciously refused to prevent." Hoisington v. County of Sullivan, 55 F. Supp. 2d 212, 216 (S.D.N.Y.

1999). Plaintiff's conclusory and vague allegations simply do not make such a showing.

Because Plaintiff has failed to allege that Nassau County unconstitutionally interfered with Plaintiff's custody of his children, the Court dismisses Plaintiff's Section 1983 claims against this Defendant. See <u>Daniels v. Murphy</u>, No. 06-CV-5841, 2007 U.S. Dist. LEXIS 47838, at *15 (E.D.N.Y. July 2, 2007) (dismissing plaintiff's Section 1983 claims because the "complaint fail[ed] to allege that the [Child Protective Services] defendants interrupted plaintiff's parental custody, and thereby implicated plaintiff's due process rights.").

C. <u>Claims Against Defendant Lopez</u>

The Court <u>sua sponte</u> dismisses Plaintiff's claims against Lopez. To state a Section 1983 claim against a private actor, such as Lopez, Plaintiff must show that the private actor "is a willful participant in joint activity with the State or its agents." <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 152, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970) (quoting <u>United States v. Price</u>, 383 U.S. 787, 794, 86 S. Ct. 1152, 16 L. Ed. 2d 267 (1966)). Mere conclusory allegations that a private entity acted in concert with a state actor do not suffice to state a cause of action on a Section 1983 claim against a private entity. <u>Spear v. Town of West Hartford</u>, 954 F.2d 63, 68 (2d Cir. 1992). Here, Plaintiff's Amended Complaint fails to show that Lopez acted in concert with state officials to deprive Plaintiff of his

constitutional rights.

Because the Court has dismissed Plaintiff's Section 1983 claims, there are no federal causes of action remaining. The Court declines to exercise jurisdiction over Plaintiff's remaining state law claims and thus dismisses these claims without prejudice. See Karmel v. Liz Claiborne, Inc., No. 99-CV-3608, 2002 U.S. Dist. LEXIS 12842, at * 10-11 (S.D.N.Y. July 12, 2002) ("Where a court is reluctant to exercise supplemental jurisdiction because of one of the reasons put forth by § 1367(c), or when the interests of judicial economy, convenience, comity and fairness to litigants are not violated by refusing to entertain matters of state law, it should decline supplemental jurisdiction and allow the plaintiff to decide whether or not to pursue the matter in state court.").

## CONCLUSION

For the reasons stated herein, Nassau County's motion to dismiss is GRANTED. The Court dismisses Plaintiff's federal causes of action with prejudice for failure to state a claim, and dismisses Plaintiff's state law claims without prejudice. The Clerk of the Court is directed to mark this matter closed.

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   Central Islip, New York
         December  28 , 2009